ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CELINÉS ROMÁN LÓPEZ<br><br>Parte Recurrida<br><br><br>v.<br><br><br>ANTONIO MORALES LÓPEZ<br><br>Parte Peticionaria | TA2026CE00826 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Sala: 602<br><br>Caso Núm.:<br>AG2025CV01706<br><br>Sobre:<br>Desahucio en precario |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de junio de 2026.

Compareció ante este Tribunal la parte peticionaria, el Sr. Antonio Morales López (en adelante, el "señor Morales López" o "Peticionario"), mediante petición de *certiorari* presentada el 26 de junio de 2026, en unión a una "**Moción Urgente en Auxilio de Jurisdicción**". Nos solicitó la revocación de la *Resolución Interlocutoria* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, "TPI") el 27 de abril de 2026. Dicho dictamen fue objeto de una "**Moción de Reconsideración**" presentada por la Sra. Celines Román López (en adelante, la "señora Román López" o "Recurrida"), la cual fue declarada "Ha Lugar" mediante *Resolución* de 27 de mayo de 2026 y notificada al día siguiente.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso por su presentación tardía.

## I.

El caso de autos tuvo su origen el 23 de septiembre de 2025, con la presentación de una "**Demanda**" sobre desahucio en precario por parte de la señora Román López en contra del señor Morales López. En síntesis, alegó ser la titular del inmueble objeto de la presente controversia por haberlo adquirido

mediante escritura pública y sostuvo que el Peticionario ocupaba la propiedad en precario, sin autorización alguna, sin mediar contrato de arrendamiento y sin pagar canon o merced alguna. En consecuencia, solicitó que se decretara el desahucio, el lanzamiento del señor Morales López y el pago de costas, gastos y honorarios de abogado.

El 4 de noviembre de 2025, el Peticionario presentó una "**Moción de Desestimación**". En esencia, planteó que la "**Demanda**" debía desestimarse por falta de jurisdicción sobre la materia, por dejar de exponer una reclamación que justificara la concesión de un remedio y por la alegada omisión de una parte indispensable. Además, sostuvo que había poseído el inmueble pública, pacífica e ininterrumpidamente por más de treinta (30) años, por lo que alegó haber adquirido derechos sobre la propiedad mediante usucapión. Asimismo, argumentó que existían controversias relacionadas con la titularidad del inmueble y el tracto hereditario que impedían la continuación del procedimiento sumario.

El 7 de enero de 2026, la Recurrida presentó una "**Moción en Oposición a Desestimación**" mediante la cual sostuvo que era la titular registral del inmueble y que las alegaciones del señor Morales López no derrotaban su reclamación de desahucio. Adujo, además, que las defensas de usucapión y las controversias sobre titularidad requerían un procedimiento independiente y no podían dilucidarse dentro de una acción sumaria de desahucio.

Posteriormente, el Peticionario presentó una "**Réplica a Moción en Oposición a Desestimación**", la cual fue contestada por la Recurrida mediante una "**Dúplica a Réplica a Moción en Oposición a Desestimación**" el 17 de febrero de 2026. En dichos escritos, las partes reiteraron, en esencia, sus respectivas posturas en torno a la procedencia del desahucio, la alegada usucapión y la naturaleza sumaria del procedimiento.

Así las cosas, el 5 de marzo de 2026, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró "No Ha Lugar" la "**Moción de Desestimación**" presentada por el señor Morales Lopez. Inconforme con dicha determinación, éste presentó una "**Moción de Reconsideración**" el 20 de marzo de 2026, mediante la cual reiteró que existía una controversia sustancial sobre la titularidad del inmueble que impedía la continuación del procedimiento sumario y

solicitó, en la alternativa, que el caso se ventilara por la vía ordinaria. La señora Román López presentó su correspondiente "**Oposición a Moción de Reconsideración**" el 14 de abril de 2026.

Más adelante, el 27 de abril de 2026, el foro de instancia emitió una *Resolución Interlocutoria* mediante la cual acogió parcialmente la "**Moción de Reconsideración**" y ordenó la conversión del procedimiento de desahucio sumario a uno ordinario, a los fines de permitir a las partes realizar descubrimiento de prueba respecto a sus respectivas alegaciones.

Insatisfecha con dicha determinación, el 12 de mayo de 2026, la Recurrida presentó una "**Moción de Reconsideración**", mediante la cual sostuvo que las alegaciones del señor Morales López sobre usucapión, nulidad registral y controversias hereditarias no justificaban la conversión del procedimiento sumario en uno ordinario, pues ello desnaturalizaba el remedio especial del desahucio en precario. Así pues, solicitó que se dejara sin efecto la conversión del procedimiento a uno ordinario y se mantuviera el trámite sumario. El Peticionario presentó su correspondiente *Oposición* el 23 de mayo de 2026, en la que reiteró que las controversias sobre titularidad requerían la celebración de un procedimiento ordinario. Finalmente, el 28 de mayo de 2026, el TPI emitió una *Resolución* mediante la cual declaró "Ha Lugar" la "**Moción de Reconsideración**" presentada por la señora Román López. En consecuencia, volvió a convertir el pleito en uno de naturaleza sumaria.

Inconforme con dicha determinación, el Peticionario compareció ante este Tribunal por vía del recurso de epígrafe y le imputó al foro de instancia la comisión de los siguientes errores:

A. ERRÓ EL TPI AL NO DESESTIMAR LA CAUSA DE ACCION PRESENTADA POR LA PARTE DEMANDADA-PETICIONARIA POR FALTAR UNA PARTE INDISPENSABLES EN LA ACCION DE DESAHUCIO.

B. ERRÓ EL TPI AL NO CONVERTIR EL DESAHUCIO EN UN PROCEDIMIENTO ORDINARIO.

**II.**

**A.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos

relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruiz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero *et al.* v. ARPe *et al.,* 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.* Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268.

Constituye norma de derecho reiterada que un recurso prematuro al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Su presentación carece de eficacia, por lo que no produce efecto jurídico alguno. Ello así, toda vez que en el momento que fue presentado no había autoridad judicial alguna para acogerlo. S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 883 (2007). Por lo tanto, un tribunal que carece de jurisdicción solamente tiene jurisdicción para así declararlo y desestimar el caso. Íd.

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 110, 215 DPR __ (2025), dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

**B.**

El desahucio es el mecanismo procesal mediante el cual el propietario de un bien inmueble recupera la posesión de hecho mediante el lanzamiento o expulsión del arrendatario o precarista que no efectúa ningún pago ni contraprestación. SLG Ortiz-Mateo v. ELA, 211 DPR 772, 799 (2023); ATPR v. SLG Volmar-Mathieu, 196 DPR 5, 10 (2016). Este procedimiento sumario es regulado por el Código de Enjuiciamiento Civil y responde al interés del Estado en atender con prontitud la reclamación del dueño de un inmueble, cuyo derecho a poseer y disfrutar ha sido interrumpido. SLG Ortiz-Mateo v. ELA, *supra*, pág. 799. Es menester destacar que lo único que se busca con esta acción es recobrar la posesión de un inmueble por quien tiene derecho a ella. ATPR v. SLG Volmar-Mathieu, *supra*, pág. 10. Así, cualquier otra reclamación, como lo sería un conflicto de título, debe dilucidarse mediante un pleito ordinario. CRUV v. Román, 100 DPR 318, 321 (1971). Este tipo de conflicto sucede únicamente cuando el demandado opone un título de dominio que acredita que no está poseyendo en carácter de arrendatario, administrador, custodio o precarista. Martínez v. Dalmau Andrades, 93 DPR 191, 194 (1996).

El Artículo 629 del Código de Enjuiciamiento Civil establece el término para apelar. En detalle, el mismo lee como sigue:

> Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados. 32 LPRA sec. 2831.

**III.**

En el presente caso, el Peticionario nos solicitó la revocación de la *Resolución* del TPI mediante la cual se declaró "Ha Lugar" la "**Moción de Reconsideración**" presentada por la Recurrida y tornó nuevamente el procedimiento a uno sumario.

Tal y como hemos expuesto en los acápites anteriores, la acción de autos consiste en un procedimiento de desahucio en precario tramitado bajo el procedimiento sumario dispuesto en el Código de Enjuiciamiento Civil. En consecuencia, el término para solicitar la revisión de una resolución interlocutoria mediante recurso de *certiorari* es de cinco (5) días, contados a partir del archivo en autos de la notificación de la resolución recurrida. 32 LPRA sec. 2830. Lo anterior obedece a que estos procedimientos sumarios constituyen unos tratos privilegiados

y su justificación responde a un interés gubernamental legítimo de atender prioritariamente determinadas causas de acción. Turabo Ltd Partnership v. Velardo Ortiz, 130 DPR 226, 234 (1997).

Los autos reflejan que la *Resolución* recurrida fue notificada el 28 de mayo de 2026. Por consiguiente, a partir de esa fecha comenzó a transcurrir el término jurisdiccional de cinco (5) días para acudir ante este foro apelativo intermedio. Así, el Peticionario tenía hasta el 2 de junio de 2026 para presentar oportunamente su recurso de *certiorari.* Sin embargo, compareció ante nos el 26 de junio de 2026, esto es, una vez expirado el término jurisdiccional dispuesto por nuestro ordenamiento jurídico.

Lo anterior, inevitablemente, implica que el recurso fue presentado de manera tardía, circunstancia que priva a este Tribunal de jurisdicción para atender los planteamientos esbozados por el Peticionario tanto en su recurso como en su "**Moción Urgente en Auxilio de Jurisdicción**". En consecuencia, procede la desestimación del recurso sin entrar en los méritos de la controversia.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Resolución*, se *desestima* el recurso de epígrafe por su presentación tardía.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones